888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe Harold TOLLE, Petitioner-Appellant,
v.
William C. SEABOLD, Attorney General of Kentucky,
Respondents-Appellees.
 No. 88-5918.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Circuit Judges.
 
 ORDER
 
 1
 Petitioner, Joe Harold Tolle, appeals a judgment of the district court which dismissed his petition for a writ of habeas corpus. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was found guilty by a jury of attempted rape and being a persistent felony offender in the second degree and was sentenced to a term of 20 years imprisonment. After the conclusion of both a direct appeal and a proceeding for post-conviction relief pursuant to Ky.R.Crim.P. 11.42, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the District Court for the Western District of Kentucky. In support of his claim to that relief, he maintained that: 1) there was insufficient evidence to support his conviction for attorneys showed bad faith or willfulness." (Emphasis added). Rather, the court described the attorneys' conduct as "careless inaction." Moreover, the court noted that although the Supreme Court referred to a court's inherent authority to award attorneys' fees as a sanction in "narrowly defined circumstances" in Roadway Express, 447 U.S. at 765, in Societe Internationale v. Rogers, 357 U.S. 197, 207 (1958), the Supreme Court discouraged resort to authority beyond the Federal Rules of Civil Procedure for imposing sanctions. In this case, we decline to affirm the district court's order solely on the basis of the court's inherent authority because, even if resort to such authority is proper, the district court determined that plaintiff's attorneys' conduct did not reflect the bad faith and willfulness that typically triggers such sanctions.
 
 
 3
 The district court's order is REVERSED and the case is REMANDED for further proceedings consistent with this opinion. The district court should make appropriate findings verifying that the fees and costs imposed as sanctions beyond dismissal are limited to those incurred by Nissan because of Hall's misconduct as it related to the delay in making the car available for inspection and its ultimate destruction. See Badalamenti v. Dunham's, Inc., 125 F.R.D. 445, 448 (E.D.Mich.1989).